IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HECTOR DANINI, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL NO. 2:16-CV-00522 |
| | § | |
| GLOBAL TELEVISION NETWORK, INC., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

BE IT REMEMBERED that on September 18, 2017, the Court **DISMISSED WITHOUT PREJUDICE** the above-captioned case for failure to prosecute under Federal Rule of Civil Procedure 16(f) and **STRUCK AS MOOT** Defendant Leda Francis's Motion to Dismiss, *see* Dkt. No. 10; Defendant Jetstream Escrow & Title Service, Inc.'s Motion to Dismiss, *see* Dkt. No. 11; and Global Television Network, Inc.'s Motion to Dismiss, *see* Dkt. No. 14.

## I.     Background

On August 2, 2017, the Court granted Andrew M. Greenwell, David C. Bolstad, and Scott J. Street's Motions to Withdraw as Counsel for Plaintiffs Hector Danini ("Danini") and Dyr Oil Solutions, Inc. ("Dyr Oil Solutions"). *See* Dkt. No. 29. The Court further ordered Plaintiffs to "advise the Court of how they intend to proceed in this action by August 15, 2017." *Id*. In its Order, the Court advised Danini that he "must be represented by licensed counsel or else proceed as a pro se litigant." *Id*. The Court also advised Plaintiffs that Dyr Oil Solutions cannot be represented by Danini and "must be represented in this matter by licensed counsel." *Id*. Plaintiffs did not comply with the Court's Order, and the Court received no communication from Plaintiffs. On August 22, 2017, the Court ordered Plaintiffs to "advise the Court of how they intend to proceed with this action and/or designate appropriate counsel in this action by September 11, 2017." Dkt. No. 32. The Court further advised Plaintiffs that it will, *sua sponte*, dismiss this case for lack of prosecution if Plaintiffs fail to meet the September 11, 2017, deadline. *See id*.

On August 29, 2017, Sylvia Moreno ("Moreno") filed a letter in which she claimed to write on Danini's behalf. *See* Dkt. No. 34. In her letter, Moreno represented that Danini would "appreciate an extension to and including October 11, 2017, to obtain new counsel." *Id*. The

Court struck Moreno's letter on September 6, 2017, because Moreno was unauthorized to practice before the Court. *See* Dkt. No. 36. In its Order striking Moreno's letter, the Court noted that Plaintiffs were required, at the very least, to "advise the Court of how they intend to proceed with this action . . . by September 11, 2017." Dkt. No. 36 (quoting Dkt. No. 32.). Plaintiffs failed to meet the Court's September 11, 2017, deadline.

The Court has not received any communication from Plaintiffs following its August 2, 2017, August 22, 2017, or September 6, 2017, Orders. At the Court's direction, the Clerk of the Court sent Plaintiffs a copy of all three Orders by certified mail, return-receipt requested, to the following last-known address for Plaintiffs: 2208 S. 47th St., McAllen, TX 78503–7329. *See* Dkt. Nos. 30, 31, 33, 35, 37, 38. The record reflects that the Orders were delivered to the address on August 7, 2017, August 24, 2017, and September 8, 2017, respectively. *See* Dkt. Nos. 31, 35, 38.

## II.  Dismissal for Failure to Prosecute

Rule 16(f) of the Federal Rules of Civil Procedure permits a district court to "issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." FED. R. CIV. P. 16(f). The same criteria developed for "evaluating dismissals for failure to prosecute under Fed. R. Civ. P. 41(b) are to be applied in a rule 16(f) case." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1518–19 (5th Cir. 1985)).

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. *See* FED. R. CIV. P. 41(b). The rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

*Id.* A court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be either with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996).

The Fifth Circuit has held that a dismissal without prejudice effectively acts as a dismissal *with* prejudice where the plaintiff would be unable to refile her suit at a later date because the limitations period on her claim has already expired. *See Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992) ("Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with

prejudice, and the same standard of review is used.") (internal alterations and citation omitted); *see also Long,* 77 F.3d at 880.

Rule 41(b) dismissals with prejudice will be affirmed "only upon a showing of a clear record of delay . . . by the plaintiff, . . . where lesser sanctions would not serve the best interest of justice." *Salinas v. Sun Oil Co.,* 819 F.2d 105, 106 (5th Cir. 1987) (internal citations and quotations omitted); *see also Dorsey v. Scott Wetzel Servs., Inc.,* 84 F.3d 170, 171 (5th Cir. 1996); *Long*, 77 F.3d at 879–80. Courts affirming dismissals with prejudice have typically found "at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Price*, 792 F.2d at 474; *see also Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982) (same).

### A. Clear Record of Delay

Having reviewed the record and the chronology of events in this case, the Court finds that it should, *sua sponte,* dismiss without prejudice Plaintiffs' action under Federal Rules of Civil Procedure 16(f) and, by incorporation, 41(b). The Court recognizes, however, that Plaintiffs may be time-barred from refiling a number of their claims. Thus, the Court proceeds with a Rule 41(b) dismissal with prejudice analysis.

While short delays in a case are normal and, thus, generally tolerated by courts, here, Plaintiffs' failure to comply with this Court's Orders issued on August 2, 2017, and August 22, 2017, respectively, *see* Dkt. Nos. 29, 32, clearly demonstrates a record of delay by Plaintiffs. Dismissal with prejudice is particularly warranted by Plaintiffs' non-action here because the Court's August 22, 2017, Order warned Plaintiffs that the Court would dismiss the case for failure to prosecute if Plaintiffs did not comply with the Order by September 11, 2017. *See* Dkt. No. 32; *see also Price* 792 F.2d at 474 (affirming a district court's decision to dismiss a case with prejudice after the court warned the plaintiff that she had "one last opportunity" to comply with the court's orders); *cf. S.E.C. v. Fist Houston Capital Res. Fund, Inc.* 979 F.2d 380, 382 (5th Cir. 1992) (reversing a dismissal where the court clerk sent the district court's order to the wrong address and the plaintiff did not attend a pretrial conference). While the Court acknowledges receipt of Moreno's August 29, 2017, letter in which she claimed to write on behalf of Danini, Moreno was unauthorized to practice before the Court. *See* Dkt. No. 36; *see also* 28 U.S.C. § 1654 (a federal litigant "may plead and conduct their own cases personally or by counsel"); *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978) (finding that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law").

The Court noted in its Order striking Moreno's letter that only Danini or an authorized attorney may file a motion on Danini's behalf. *See* Dkt. No. 36.

Presently, more than a week after the September 11, 2017, deadline and after the Court struck Moreno's letter, Plaintiffs have still not communicated with the Court. The Court finds Plaintiffs' failure to communicate with the Court inexcusable. Danini is not a *pro se* prisoner for whom delays may be inevitable. *See Houston v. Lack*, 487 U.S. 266, 271–272, 108 S. Ct. 2379, 2382–83, 101 L. Ed. 2d 245 (1988) (determining that *pro se* prisoners are unlike other litigants in that they must trust the "vagaries of the mail" and other processes, whereas other litigants have more control such that they can prevent delays). Plaintiffs' failure to comply with the two aforementioned Orders—including one that warned Plaintiffs that non-compliance with the Order would cause the case to be dismissed for lack of prosecution—evidences a clear record of delay.

### B. A Lesser Sanction Is Not in the Best Interests of Justice

Justice would not be served by a sanction less than dismissal with prejudice for those claims that would be time-barred by dismissal in this case. *See Salinas*, 819 F.2d at 106. As for the claims that would be time-barred, Plaintiffs' non-action has brought this case to a standstill and reflects not only a failure to prosecute the case, but also a lack of intent to prosecute the case. Plaintiffs' non-action unacceptably clogs the docket, subverts the court's efficiency, and unnecessarily wastes judicial resources. *See Hickman v. Fox Television Station*, Inc., 231 F.R.D. 248, 252 (S.D. Tex. 2005), aff'd, 177 F. App'x 427 (5th Cir. 2006). Federal courts "are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link,* 370 U.S. at 630). This inherent authority necessarily includes the power of a court "to control its docket by dismissing a case as a sanction for a party's failure to obey court orders." *Id.* It would be unfair to permit the uncertainty surrounding a plaintiff's suit to keep a defendant in perpetual anticipation of the date that the case may proceed forward. *See Hickman*, 231 F.R.D. at 253.

While the standstill in this case has lasted only slightly over a month, Plaintiffs have failed to show that they intend to prosecute this case in violation of two Court Orders, including one that warned of dismissal due to failure to prosecute. *See* Dkt. Nos. 29, 32. In fact, Dyr Oil Solutions cannot prosecute this case without counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S. Ct. 716–17, 121 L. Ed. 2d 656 (1993) ("It has been the law for the

better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *M2 Technologies, Inc. v. M2 Software, Inc.*, 589 Fed. Appx. 671, 675 (5th Cir. 2014) ("[C]orporations must be represented by counsel . . . ."). Given Plaintiffs' history of non-compliance with this Court's Orders and failure to prosecute the present case, imposition of a less harsh sanction would be futile. *See Hickman*, 231 F.R.D. at 253.

### C. Presence of an "Aggravating Factor"

The delays in this case are the result of Plaintiffs' own non-action. Thus, an "aggravating factor" is present here. *See Price*, 792 F.2d at 474 (identifying "delay caused by plaintiff himself and not his attorney" as one of three aggravating factors).

### III. Conclusion

For the foregoing reasons, the Court hereby **DISMISSES WITHOUT PREJUDICE** this case. The Court further **STRIKES AS MOOT** the following motions:

- Defendant Leda Francis's Motion to Dismiss, *see* Dkt. No. 10
- Defendant Jetstream Escrow & Title Service, Inc.'s Motion to Dismiss, *see* Dkt. No. 11
- Global Television Network, Inc.'s Motion to Dismiss, *see* Dkt. No. 14

The Court **DIRECTS** the Clerk of the Court to close the above-captioned case. The Court further **DIRECTS** the Clerk of the Court send a copy of this Order by certified mail to Plaintiffs at their last known address:

Hector Danini
Dyr Oil Solutions, Inc.
2208 S.47th St.
McAllen, TX 78503–7329

SIGNED this 18th day of September, 2017.

Hilda Tagle
Senior United States District Judge